UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JASON HOWLAND,

      Defendant.
_____/

Case No. 1:24-cr-177-01

Hon. Trevor N. McFadden
United States District Judge

## DEFENDANT'S SENTENCING MEMORANDUM

On January 10, 2025, Jason Howland will stand before this Honorable Court to be sentenced for civil disorder in violation of 18 U.S.C. § 231(a)(3). Mr. Howland has received the Presentence Investigation Report (PSR) and met with counsel to discuss it. (ECF No. 26, PSR). Mr. Howland has no objections to the report.

Overall, as the Court is aware, the principle and basic mandate of 18 U.S.C. § 3553(a) requires this Honorable Court to impose a sentencing "sufficient, but not greater than necessary" to comply with the four (4) purposes set forth in § 3553(a)(2):

### § 3553. Imposition of a sentence.

**(a)** **Factors to be considered in imposition of a sentence.** – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed –

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner…

18 U.S.C. § 3553(a)(2).

Under *United States v. Booker*, 543 U.S. 220 (2005), a judge must impose the lowest sentence that is "minimally sufficient" to meet those goals, regardless of if that sentence is probation, time served, a mandatory minimum sentence, the statutory maximum, or somewhere in between.

Jason Howland is 48 years old and remorseful for committing this offense. He is a self-employed married father of four children and two stepchildren. He is in criminal history category I. Mr. Howland pleaded guilty in a timely manner pursuant to a written plea agreement. He agreed to an extensive factual basis in the statement of offense. After his guilty plea, Mr. Howland participated in the presentence interview. He told the presentence writer why he committed the offense, described his remorse, and the consequences of the offense on himself and his family.

Mr. Howland has been on bond since January 24, 2024. There are no allegations of bond violations. His drug tests on bond have been negative. He does not have any other arrests or convictions since committing this offense in 2021. Prior to this offense, his most recent convictions were driving offenses that were sentenced in 2011.

Mr. Howland has written a letter of apology to the Court. (Attachment 1, Letter of Jason Howland). Four letters of support have been submitted on his behalf. (Attachment 2, Letters of Support). The letters describe Mr. Howland as a supportive husband and father, and positive influence in the community who mentors troubled youth and others.

Mr. Howland is a self-employed business owner. He owns two businesses, Renovations Now and Jason Howland, LLC. Jason Howland, LLC is a sales training business for contractors. Renovations Now is a residential bathroom contractor. Renovations Now is growing, and he currently has thirteen employees. He has been spending most of his time on Renovations Now, because he believes it will provide more stable and consistent income. Mr. Howland also recently self-published a book, *You can be an Action Closer: Your Guide to becoming a Top Sales Pro…In Any Vertical!,* which is available on Amazon.[1] The book describes his journey from drug addiction to becoming a sales coach.

Mr. Howland is in Criminal History Category I. His most recent convictions were in 2011 for Operating While License Suspended – 2nd or Subsequent Offense. One of those convictions scores a criminal history point, however, the offense conduct occurred in 2008. His prior criminal history mostly corresponds with a period of drug abuse. In high school, Mr. Howland was prescribed Adderall and Ritalin. He began to abuse it with friends. The abuse continued for several years after high school until he progressed to

---

[1]https://www.amazon.com/You-Can-Be-ActionCloser-Becoming/dp/B0D5PKGV9R/ref=sr_1_1?crid=3MASJHR0PZ5S4&dib=eyJ2IjoiMSJ9.gpzhYYLJat8HAfWKzzV7CnRhA3cQbQoPcZVRd6xvotkRfv1y7IzL0xnknD8L9KUNGQRzPyvJN7tCuu6eKid3vYQikmI-rkU6vWhey2dkMno.O4_oreKNs1Z3Z6mbrFliBZj3zyt2t19vM0ScyHpf5Rs&dib_tag=se&keywords=jason+howland+book&qid=1735822017&sprefix=jason+ho%2Caps%2C1397&sr=8-1 (accessed January 2, 2025).

methamphetamine use. Mr. Howland used methamphetamine heavily from approximately 1998 to 2007. During that time, acquiring and using methamphetamine was the focus of his life. In about 2007, he quit using methamphetamine on his own. He refocused his life on religion and work. He became a better person and changed his behavior. Mr. Howland found purpose and financial stability in sales-related work. He eventually developed a sales training program.

Mr. Howland uses his businesses to help other recovering addicts. His business partner and some of his employees are recovering addicts. His book discusses his own journey from addiction. Mr. Howland's wife describes their business as "a place of healing and growth." (Attachment 2, Letters of Support). Mr. Howland also helps others in his personal time. The letter from Jeremiah Campbell states that "[Mr. Howland] takes great pride in mentoring, leading, and coaching youth, with a particular focus on those who face difficult life challenges. Mr. Howland has shared with me his passion for working with trouble youth, and his commitment has resulted in life-changing impacts on countless individuals." *Id.*

Mr. Howland began to get involved in political activities in 2020, during the lockdowns related to the COVID-19 pandemic. He came to believe that the Constitution was being violated by the lockdowns. Mr. Howland participated in rallies, podcasts, and nonviolent protests. He vented on social media. He believed that his participation in state-level events had effected change.

When he went to Washington D.C. in January 2021, he was upset about the presidential election and wanted to rally with others. Mr. Howland believes that he took

his beliefs too far. He apologizes for his behavior at the United States Capitol on January 6, 2021. He apologizes to law enforcement and all victims of the offense. He should not have entered the Capitol or remained in it. He should not have interfered with law enforcement. Mr. Howland believes that he was a "fool" for doing so. (Attachment 1, Letter of Jason Howland).

After January 6, 2021, Mr. Howland changed his behavior. He no longer attends protests or rallies. He has been deterred from engaging in any similar behavior. He pleaded guilty and accepted responsibility for his actions. Mr. Howland is focused on his family and businesses. He has been married for eleven years and lived in the same house for eight years. Mr. Howland has worked very hard to stop using drugs, remain sober, and build and support a family. He is proud of the growth of his businesses and his contributions to the community. Mr. Howland is optimistic about his future. He regrets putting everything he has worked towards at-risk.

Mr. Howland believes that the advisory sentencing guideline range of 0 to 6 months adequately considers the unique circumstances of his case.

## Conclusion

Jason Howland prays this Honorable Court sentence his sufficiently, but not greater than necessary, to achieve the goals of sentencing. He thanks the Court for its time in considering his circumstances and this case.

    Respectfully submitted,

    SEAN R. TILTON
    Federal Public Defender

Dated:  January 3, 2025 /s/ Sean R. Tilton
SEAN R. TILTON
Federal Public Defender
Western District of Michigan
50 Louis, NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420